UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JONATHAN MARK RUIZ,

    Plaintiff,

v.                                        CASE NO: 8:07-cv-1233-T-26EAJ

THE TOWN OF INDIAN SHORES, FLORIDA,
THE TOWN OF REDINGTON SHORES, FLORIDA,
JIM COATS, Sheriff of Pinellas County, Florida,
OFFICER JOHN P. WISEMAN, in his individual
capacity, and DEPUTY SHERIFF NELSON H. WHITESELL,
in his individual capacity,

    Defendants.
    _____/


**O R D E R**

    Plaintiff has filed an amended complaint as directed by the Court in its order of August 7, 2007. Defendants, Pinellas County Sheriff Jim Coats and Deputy Sheriff Nelson Whitesell, have again moved to dismiss based in part on their contention that Plaintiff's latest complaint still constitutes a "shotgun" pleading. They are absolutely correct. Consequently, the Court will once again, consistent with its inherent authority, and notwithstanding the motion to dismiss, direct Plaintiff's counsel to replead the complaint. See Magluta v. Samples, 256 F.2d 1282, 1284 (11th Cir. 2001).

    As Defendants point out, after paragraph 46, Plaintiff begins to renumber the allegations of his numbered paragraphs anew, thus making it impossible to determine

which paragraphs he is incorporating by reference in each count of the complaint to the detriment of Defendants' ability to respond to the complaint.  As Defendants also correctly contend, Plaintiff's continued repleading of the same factual allegations is wholly inconsistent with the dictates of Rules 8(a) and 10(b), Federal Rules of Civil Procedure.

Finally, Plaintiff has improperly sued Deputy Whitesell, as well as Defendant Wiseman, in their official capacities in light of the fact that he is also suing the governmental entities by whom they were employed at the time of the incident giving rise to his claims.  Plaintiff's counsel, consistent with his Rule 11 certification, should have been aware prior to filing the complaint of the long-standing precedent of the Eleventh Circuit that "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond)."  Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citations omitted); accord Sherrod v. Palm Beach Cty. Sch. Dist., 2007 WL 1501054 *3 (11th Cir. 2007).[1]

---

[1] Rule 11(b)(2) of the Federal Rules of Civil Procedure provides in pertinent part that "[b]y presenting to the court (whether by signing, filing, submitting, or advocating) a pleading, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances -  the claims, . . . , and other legal contentions therein are warranted by existing law . . ."

Accordingly, it is ordered and adjudged as follows:

1) Plaintiff is once again directed to file a repleader within 20 days of this order which shall conform to the requirements of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, as well as Eleventh Circuit precedent prohibiting the filing of "shotgun" pleadings and official capacity suits against local government officials.

2) Defendants shall file their responses within 10 days of service.

3) The Motion to Dismiss (Dkt. 15) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on August 29, 2007.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record